## *FITZ vs. HAYDEN.*

An agent who in the discharge of his duties as such, takes by consent of the principal, a conveyance of property in his own name, while at the same time he is not the real owner, is not bound to sue for the possession of the property at his risk and expense, unless that possession has been lost through his fault. He fulfils his obligations, and discharges his duty by offering to reconvey when called on.

APPEAL from the court of the parish and city of New-Orleans.

The facts in this case are fully given in the opinion of the court delivered by PORTER, J.

The defendant was employed by the plaintiff several years since, to superintend and direct the building of a steam-boat at Cincinnatti, in the state of Ohio, where the defendant resided. The plaintiff made advances and the work was proceeded in. Before the boat was completed the plaintiff became insolvent. Desirous to protect the defendant from any injury he might sustain in consequence of advances on behalf of the boat, the plain-

tiff made an absolute conveyance to him and others who were concerned in her construction, of all his right, title and interest therein. After the conveyance the defendant proceeded to have the boat completed under the direction, and with the assistance of an agent whom the plaintiff sent to Cincinnatti. The one third of the boat which had been sold by the plaintiff on the eve of his insolvency as already stated, was by conveyances to which all parties assented, vested in one Talbot.

The vessel was called *La Belle Creole*, and at the time she was finished the title to two thirds of her was vested in the plaintiff, and one third in Talbot. In this situation she was taken to Louisville, to have the engine put in by the firm of *Prentiss* and *Blakewell*, engineers, and to be finally prepared for navigating the river.

When finished, a difficulty arose respecting the adjustment and payment of the account of the engineers. They had a lien on her, and refused to permit her to depart for New-Orleans, unless their claim was paid, or a conveyance made to them of one third of the boat. An arrangement was finally made between Hayden and them, by which

Eastern District.
*May,* 1830.

FITZ
*vs.*
HAYDEN.

they received a conveyance of one third of the boat, and gave at the same time a counter letter, by which they declared that Hayden should have the right to rebuy or purchase back the said share, if within fifteen days, after the arrival of the boat in New-Orleans, he paid to them the sum of $3000. Stone, the agent of the plaintiff, who had been sent by him to attend to the completion of the boat, protested against this conveyance, but from every thing we can discover it was a matter of necessity, and considering the defendant as the agent of the plaintiff, it appears to have been a prudent measure. The plaintiff too, subsequently ratified it.

Things being in this situation, the defendant attempted to put in command of the boat one Emmerson, but Prentiss and Blakewell, and Talbot, as owners of two-thirds, resisted this demand, and the person last mentioned, took the control and management of her, and descended the river to New-Orleans. Emmerson came down in her as passenger, with a power of attorney from the defendant, by which he was empowered on the receipt of the money due Prentiss and Blakewell, and the payment of the balance

owing the defendant, to convey the two-thirds of the boat to the plaintiff.

The plaintiff attempted to make these payments, and after several negotiations he succeeded so far as to obtain from Emmerson, the agent of the defendant, a letter addressed to Captain Talbot in the following words: " Sir, I have disposed of the two-thirds of steam-boat Belle Creole, which I represent, she must be delivered free from cargo, or any engagements of that kind. It will likewise be necessary to furnish them with an inventory of cabin furniture, and all other apparel on board, as belonging to them." Talbot refused to deliver up the boat. She soon after left the port, and where she has since been, or what has become of her, the record does not inform us.

These as we understand, are the material facts to be gathered from the mass of confused, and irrelevant matter, with which the record is loaded. It will be seen from the statement just made, that the responsibility of the defendant turns entirely on the performance of his contract, express or implied, to convey the boat to the plaintiff on his arrival in New-Orleans. The plaintiff insists it was

the duty of the defendant to sell *and deliver* her. The defendant urges it was sufficient for him to make a conveyance of all his right and title, and if any ulterior steps were necessary to get possession, the plaintiff should have pursued them.

The defendant it is clearly proved, acted as the agent of the plaintiff through the whole transaction, as well before, as after the conveyance made to him, though it is shown, he considered he might become the absolute owner, unless the plaintiff would repay him his advances. But it is established that he was ready to reconvey the boat at any moment, not on the payment of the one-third of her value, but on the repayment of the money advanced, thus admitting he was but the trustee of the plaintiff, and not the real owner. The plaintiff chose to consider the defendant as his trustee, or agent, and as holding the boat for him. The defendant assented, and offered to reconvey. In carrying this contract into effect, the obligations of the parties must be sought in the characters in which they acted, and it appears to us, they can be considered in no other light but as princi-

*An agent, who in the discharge of his duties as such, takes by consent of the principal, a conveyance of property in his own name, while at the same time he is not the real owner, is not bound to sue for the possession of the property at his risk and expense, unless that possession has been lost through his fault. He fulfils his obligations and discharges his duty, by offering to reconvey when called on.*

pal, and agent, for the agreement to reconvey was a performance of the obligations which the defendant as agent had contracted. If this view of the subject be correct, the defendant was not responsible for the non delivery of the boat. An agent, who in the discharge of his duties as such, takes by consent of the principal, a conveyance of property in his own name, while at the same time he is not the real owner, is not bound to sue for the possession of the property at his risk and expense, unless that possession has been lost through his fault. He fulfils his obligations, and discharges his duty, by offering to reconvey when called on. That, the defendant was prepared to do in this instance, and the plaintiff must impute it to his own fault, that he did not take the conveyance, and pursue the legal measures to obtain possession.

We are of opinion that there has been no act of conversion on the part of the defendant, which renders him responsible as owner of the boat for the moneys advanced by the plaintiff in her building.

And it is therefore ordered, adjudged and decreed, that the judgment of the parish court

be annulled, avoided and reversed, and that there be judgment for defendant as in case of nonsuit with costs in both courts.